## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 429
### HYDE PARK LUMBER CO. v. WYATT LUMBER CO.

Ohio Appeals, 1st Dist., Hamilton County
No. 2029.  Decided March 26, 1923

SALES—(1) Verdict not against weight of evidence.

PER CURIAM:

Epitomized Opinion

This was an action on an account for a shipment of lumber brought by The Wyatt Lumber Co.  On May 19, 1919, The Hyde Park Lumber Co. gave The Wyatt Co. an order for two carloads of lumber.  On May 26, 1919, one car was shipped and on June 19. The Hyde Park Co. notified the seller that the car of lumber was defective.  The seller notified the buyer that if the lumber was unsatisfactory to forward same to Mansfield, Ohio.  The Hyde Park Co. protested against this and kept the lumber until about the 5th of August.  The Wyatt Co. then sued and a cross-petition was filed by the defendant claiming damages for breach of contract.  The trial resulted in a judgment for the shipper, whereupon the Wyatt Co. prosecuted error.  A cross-petition in error was also filed by The Hyde Park Co.  In sustaining the judgment the court held:

1. That it could not be said as a matter of law against the weight of evidence and that substantial justice was done.

Attorneys—Frank E. Wood and Edgar Powers, for The Hyde Park Lumber Co.; Nelson B. Cramer, for Wyatt Lumber Co.

No. 430
### UNION INSURANCE SOCIETY v. C. DESALVO et al.

Ohio Appeals, 1st Dist., Hamilton County
No. 2000.  Decided March 26, 1923

INSURANCE CONTRACTS—Interpretation of provisions of insurance contract.

PER CURIAM:

Epitomized Opinion

This was an action on an insurance policy.  The original policy was for loss to an automobile by fire only.  Later a rider was attached to the policy for accidental collision.  The limit of recovery on the original policy was $1,000, while the rider provided for full coverage by accidental collision.  As a result of an accidental collision, plaintiff's car was damaged to the amount of over $3,000.  The insurance company contended that the limit of recovery was $1,000, and refused to pay the full extent of the damage.  The Common Pleas Court sustained the verdict of the jury, which was for the plaintiff.  The defendant company then prosecuted error.  In sustaining the lower court, the Court of Appeals held:

1. Under the terms of the contract the insurance company was liable for the full amount of the damage, and not to the extent of $1,000 only.

Attorneys—Dorette & Dorette, for Insurance Co.; Harmon, Colston, Goldsmith & Hoadly, for plaintiffs.

No. 432
### SHANER v. THE BROOKLYN LUMBER CO.

Ohio Appeals, Eighth Dist., Cuyahoga County
No. 4197.  April 9, 1923

SUB-CONTRACTOR'S LIEN—Section 8312 GC. strictly construed.

PER CURIAM.

(Cushing, Buchwalter and Hamilton, JJ., First District, Sitting)

Epitomized Opinion
Appeal from Cuyahoga Common Pleas
Judgment Reversed

In an action to foreclose a mechanics' lien, th Lumber Co. recovered by a judgment in the lowe court and Shaner brings this action to have th judgment reversed.  It is claimed on behalf Shaner that the Lumber Co. cannot maintain its lie because it was a sub-contractor and did not compl with 8312 and 8313 GC. which provides that in orde to do so the sub-contractor must furnish certai sworn statements to the owner.  Held by the Cou of Appeals in reversing the judgment.

The provisions of 8312 GC. are very clear an when applied to this case bring us to the conclusio that the Lumber Co. is not entitled to maintain lien on the property.

Attorneys—Howell, Roberts & Duncan, for Shan er; Wm. H. Gille and Arthur H. Hill, for Lumbe Co.

No. 433
### S. H. STONE v. COATS et al

Ohio Appeals, Ninth Dist., Lorain County
No. 298.  Decided April 27, 1923

EASEMENTS—(1) Conveyances of right of wa without description—(2) Fixation of a right way by user or acquiescence—(3) Facts showin location of right of way.

FUNK, P. J.

Epitomized Opinion

This was an action to have the court to constru the nature, extent and location of a driveway, unde a deed.  The action was originally brought in th Common Pleas Court of Lorain County, where th plaintiff sought an injunction against the defendan from obstructing a driveway.  As the injunctio was granted the defendants prosecuted an appea One Barson owned a certain lot in Lorain.  In 190 he sold a strip of land off the side of this lot t the plaintiff Stone.  The deed contained a grant a perpetual right of way over the grantor's premise but the deed did not describe the location of th driveway by metes and bounds.  However, the ev dence did show that in 1921 Barson sold his remai ing land to the defendants, and that the plainti had maintained a drive diagonally across this re maining strip without objection on the part of Bar son from 1908 to the time the last conveyance wa made in 1921.  Shortly after the defendants ob tained possession of the premises, they built a fenc across the driveway.  In sustaining the decree o the lower court, the Court of Appeal held:

1. Where a conveyance of a right of way doe not describe or define it by metes and bounds, th grantee is entitled to a convenient, reasonable an accessible way.

2. Where a right of way is granted but its loca tion is not defined, it may become fixed by use an acts of acquiescence of the parties, and when onc fixed by used, it cannot be changed by a subsequen owner of the servient estate without the consent o the owner of the dominant estate.

3. Under the evidence of this case, the drivewa as granted in the deed gave the plaintiff the righ to drive diagonally across the defendants' lot.

Attorneys—Glitch & Stack, for Stone; Frank Cole man, for Coates et al.